**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01359-BNB

LARRY ELEVTHERIOS JOHNSON,

     Plaintiff,

v.

MYELIN PRODUCTIONS,
SR. GREGORY A.N. COONS,
AXUM21ST GROUP GLOBAL,
RICHARD VAZ,
FRANCES VAZ,
SABRINA VAZ,
SUMMER BROOKE,
CHRIS ARTEMIS,
NANCY ARTEMIS,
ELIZABETH ARTEMIS,
MELANIE DAVIES,
KAMILA DAVIES,
KIMBERLEE PRATT,
NICOLLE STANIC,
ROMANEE STANIC,
KRISTA COX,
LAUREL JAMESON,
HAYES BYRD,
SHAWN NOLAN,
KAITLYN NOLAN, and
CHELSEA HUMPHREYS,

     Defendants.

---

**ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT**

---

     Plaintiff, Larry Elevtherios Johnson, currently resides in Boulder, Colorado.  Mr. Johnson, acting *pro se*, initiated this action by filing a Complaint.  The Court must construe the Complaint liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Johnson will be ordered to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Mr. Johnson fails to set forth a short and plain statement of his claims showing what the named defendants did to infringe on his copyright ownership of the screenplays *Children of Tykarindom* and *Theodora the Great*. Mr. Johnson's claims are not sufficient under Rule 8(a). Liability for copyright infringement by an individual requires direct participation in the infringement. *See American Airlines v. Christensen*,

967 F.2d 410, 417 (10th Cir. 1992).  The Court, therefore, will direct Mr. Johnson to file an Amended Complaint that complies with the pleading requirements of Rule 8.  Mr. Johnson must present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Johnson also must name the proper parties who are responsible for violating rights and assert each defendant's personal participation in the alleged violations.  Mr. Johnson further must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right he believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Mr. Johnson file an Amended Complaint as instructed above, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Mr. Johnson shall obtain the proper Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Amended Complaint.  It is

FURTHER ORDERED that if Mr. Johnson fails to show cause and properly amend the Complaint, **within thirty days from the date of this Order**, the Complaint and action shall be subject to dismissal without further notice.

DATED June 29, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge