IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-001359-BNB

LARRY ELEVTHERIOS JOHNSON,

    Plaintiff,

v.

MYELIN PRODUCTIONS,
SR. GREGORY A.N. COONS,
AXUM21ST GROUP GLOBAL,
RICHARD VAZ,
FRANCES VAZ,
SABRINA VAZ,
SUMMER BROOKE,
CHRIS ARTEMIS,
NANCY ARTEMIS,
ELIZABETH ARTEMIS,
MELANIE DAVIES,
KAMILA DAVIES,
KIMBERLEE PRATT,
NICOLLE STANIC,
ROMANEE STANIC,
KRISTA COX,
LAUREL JAMESON,
HAYES BYRD,
SHAWN NOLAN,
KAITLYN NOLAN, and
CHELSEA HUMPHREYS,

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

At issue is Plaintiff's Motion for Immediate Injunctive Relief. *See* ECF Nos. 4 and 9 (Plaintiff filed two separate motions that assert the same claims.). Plaintiff contends that Defendants are producing movies based on his screenplays without his consent.

He requests that the Court direct Defendants to stop the production of the movies.

The Court must construe the request for injunctive relief liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the request will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Plaintiff is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Plaintiff's irreparable harm claim is conclusory and vague. He also does not

demonstrate a substantial likelihood of prevailing on the merits. Furthermore, Plaintiff does not allege that his injury outweighs whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, Plaintiff's request will be denied at this time. Accordingly, it is

ORDERED that the Motion for Immediate Injunctive Relief, ECF Nos. 4 and 9, is denied.

DATED at Denver, Colorado, this  7th  day of      August      , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court