IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01359-WJM-KLM

LARRY ELEVTHERIOS JOHNSON,

    Plaintiff,

v.

MYELIN PRODUCTIONS,
AXUM21st GROUP GLOBAL,
RICHARD VAZ,
SUMMER BROOKE,
ELIZABETH ARTEMIS,
MELANIE DAVIES,
KAMILA DAVIES,
FRANCES VAZ,
SABRINA VAZ,
KIMBERLEE PRATT,
NICOLE STANIC,
ROMANEE STANIC,
KRISTA COX,
KAITLYN NOLAN, and
CHELSEA HUMPHREYS,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to the **Order to Show Cause** [Docket No. 63] issued on December 10, 2012.  The Court ordered Plaintiff to show cause why it "should not recommend that the claims against Defendants Myelin Productions, Axum21st Group Global, Richard Vaz, Summer Brooke, Frances Vaz, Sabrina Vaz, Krista Cox, and Chelsea Humphreys be dismissed pursuant to Fed. R. Civ. P. 4(m) & 41(b)."  *Order to*

*Show Cause* [#63] at 2.  Plaintiff was directed to either (1) file proof of service on these Defendants or (2) respond in writing to the Order to Show Cause.  *Id.*  Plaintiff's deadline for compliance with the Order to Show Cause [#17] was January 2, 2013.  To date, Plaintiff has neither filed a response nor contacted the Court in any manner.  It appears that Plaintiff has failed to keep the Court informed of his address, as several orders from the Court have been returned as undeliverable.  *See* [## 60, 61, 64 and 67].

Plaintiff filed this civil action on May 24, 2012 [#1].  An "amended" Complaint was filed on June 5, 2012 [##7, 8].  On June 29, 2012, the Court entered an Order directing Plaintiff to file an amended complaint [#16].  On July 30, 2012, Plaintiff filed his Amended Complaint [#17].  Plaintiff was granted leave to proceed *in forma pauperis* including assistance with service of process by the United States Marshal Service.  *See Order* [#11] and *Cert. Of Service* [#21].  However, the deadline for service of Plaintiff's Amended Complaint [#17] has passed and Plaintiff has not submitted evidence of service on these Defendants.  *See* Fed. R. Civ. P. 4(m).

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here.  The case against Defendants has been pending since May 24, 2012.  Plaintiff failed to effect service of Defendants Myelin Productions, Axum21st Group Global, Richard Vaz, Summer Brooke, Frances Vaz, Sabrina Vaz, Krista Cox, and Chelsea Humphreys within one-hundred twenty days of the filing of this case and failed to provide any reason for the Court to find that an opportunity exists to cure the service deficiency in the future.  Further, Plaintiff was warned in advance that the penalty for failure to serve or to provide cause for the service delay would be dismissal of

the case against the unserved Defendants.  *Order to Show* Cause [#63]; *see generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n.4 (D. Colo. Feb. 13, 2008) (unpublished decision).  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#63] is made **ABSOLUTE**.

I respectfully **RECOMMEND** that the claims against Defendants Myelin Productions, Axum21st Group Global, Richard Vaz, Summer Brooke, Frances Vaz, Sabrina Vaz, Krista Cox, and Chelsea Humphreys be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 3, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge