IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01359-WJM-KLM

LARRY ELEVTHERIOS JOHNSON,

     Plaintiff,

v.

ELIZABETH ARTEMIS,
MELANIE DAVIES,
KAMILA DAVIES,
KIMBERLEE PRATT,
NICOLE STANIC,
ROMANEE STANIC,
KAITLYN NOLAN,
RED LION HOTEL DENVER SOUTHEAST, and
KICKSTARTER.COM,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Defendants Nicolle Stanic, Romanee Stanic, Elizabeth Artemis, Kaitlyn Nolan and Kimberlee Pratt['s] Motion to Dismiss Plaintiff's Amended Complaint** [Docket No. 35; Filed September 30, 2012] (the "Stanic Motion"), **Defendant's [sic] Motion to Dismiss for Lack of Subject Matter Jurisdiction** [#38; Filed October 10, 2012] (the "Davies 12(b)(1) Motion"); **Defendant's [sic] Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted** [#39; Filed October 10, 2012] (the "Davies 12(b)(6) Motion"), and **Defendant's [sic] Motion to Dismiss for Lack of Personal Jurisdiction** [#50; Filed October 19, 2012] (the "Davies 12(b)(2) Motion," and

collectively with the Stanic Motion, Davies 12(b)(1) Motion, and Davies 12(b)(6) Motion, the "Motions"). On October 17, 2012, Plaintiff filed a Response to the Stanic Motion [#42]. On October 25, 2012, Plaintiffs Nicolle Stanic, Romanee Stanic, Elizabeth Artemis, Kaitlyn Nolan and Kimberlee Pratt (the "Stanic Plaintiffs") filed a Reply [#53]. On May 29, 2013, Plaintiff filed a collective Response to the Davies 12(b)(1) Motion, Davies 12(b)(6) Motion, and Davies 12(b)(2) Motion [#79] (collectively, the "Davies Motions").[1] Defendants Melanie Davies and Kamila Davies (the "Davies Defendants") have not filed a reply. The Motions are ripe for review. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motions have been referred to this Court for a recommendation regarding disposition [##37, 40, 41, 51]. The Court has reviewed the Motions, the Responses, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions [##35, 38, 39, 50] be **GRANTED**.

## I. Background

On May 24, 2012, Plaintiff initiated this lawsuit by filing his Complaint [#1]. In response to Judge Boland's Order Directing Plaintiff to Cure Deficiencies [#6], Plaintiff filed his Amended Complaint [#8] on May 25, 2012.[2] On July 30, 2012, Plaintiff filed his Second Amended Complaint (incorrectly titled "Amended Complaint") [#17] in response to Judge

---

[1] At times Plaintiff's Response [#79] also mentions the Stanic Defendants. However, since Plaintiff filed a separate Response to the Stanic Motion [#42], the Court will treat the Response [#79] as a Response to the three motions filed by the Davies Defendants.

[2] This version of the Amended Complaint corrects the version filed on the same date at #7. The Amended Complaint [#8] was modified to correct the case number and date but is otherwise the same as the version of the Amended Complaint filed at #7.

Boland's Order [#16] requiring him to amend his Amended Complaint.  The instant Motions were filed in response to the Second Amended Complaint [#17].  On October 17, 2012, Plaintiff filed a motion to amend his Second Amended Complaint [#45], which was denied without prejudice on April 18, 2013 [#70] for failure to attach the proposed Third Amended Complaint to the motion as a separate document.  In response to the Court's April 18, 2013 Order [#70], Plaintiff filed a motion seeking to amend his Second Amended Complaint [#77], which attached his proposed Third Amended Complaint [#77-1](incorrectly titled "2nd Amended Complaint") as an exhibit.  On June 19, 2013, the Court recommended that the motion to amend [#77] be denied.  The Recommendation [#81] is pending before the District Judge.  Therefore, the operative pleading is Plaintiff's Second Amended Complaint [#17].

In the Second Amended Complaint, Plaintiff alleges that he wrote two movie screenplays and that he "retained control of and ownership of his copyrights" in them.  *Second Am. Compl.* [#17] at 4.  He claims that during the period January 2012 through May 5, 2012, he cast the two movies.  *Id.*   Plaintiff further alleges that Defendants Melanie Davies, Kamila Davies, Kimberlee Pratt, Kaitlyn Nolan, Nicolle Stanic, Romanee Stanic, and Elizabeth Artemis (collectively, the "Individual Defendants") were cast in the movies and that Defendant Melanie Davies was hired as Head Production Assistant.  *Id.*  As alleged in the Second Amended Complaint, "[a]ll persons interested in participating in producing either motion picture were required to sign a [n]ondisclosure agreement" before being hired to work on the productions.  *Id.*  Plaintiff alleges that on or about May 20, 2012, the Individual Defendants claimed to be the legal holders of the controlling interest in his copyrighted screenplays and proceeded to negotiate with other entities or individuals to

3

produce movies based on the screenplays.  *Id.* [#17] at 4-5.  With regard to Defendant Red Lion Hotel Denver Southeast, Plaintiff claims that Defendant "Melanie Davies set up a cast announcement event in Denver at Defendant Red Lion Hotel Denver Southeast" at which Plaintiff "planned to officially unveil his new cast [for the movies] to the general public."  *Id.* at 4.  Plaintiff further alleges that the Individual Defendants and Defendant Red Lion Hotel Denver Southeast "engaged in a conspiracy to steal and infringe on the copyright[ed] property" allegedly owned by Plaintiff.  *Id.* at 5.  He also claims that Defendant Kickstarter.com was used by the other Defendants "to gain funding" for a production that Plaintiff claims infringes on his copyrights.  *Id.*

Plaintiff asks that the Court "find the [D]efendants liable for . . . ongoing copyright infringement, breach of contract and interference with contract."  *Id.* at 6.[3]  Plaintiff claims he "has suffered general, special, and contractual damages" due to Defendants' copyright infringement and seeks "liquidated contractual damages." *Id.* at 6.  Plaintiff also seeks injunctive relief.  He requests that the Court impound all copies of his original works that Defendants have in their possession, and seeks an order requiring "[D]efendants to cease production of" *NIKA* and *Aura*, the two productions he claims infringe on his copyrights. *Id.*

The Individual Defendants filed the instant Motions in response to the Second Amended Complaint.[4]

---

[3]  The Second Amended Complaint purports to incorporate by reference Plaintiff's original Complaint.  *Second Am. Compl.* [#17] at 3.  However, as Plaintiff has been warned in this case, he "must present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims."  *Order* [#16] at 3 (ordering Plaintiff to file an Amended Complaint).  As a result, in this Recommendation the Court will address the allegations and claims included in the Second Amended Complaint only [#17].

[4]  On October 22, 2012, Defendants Melanie Davies and Kamila Davies also filed an Answer [#52].

4

## II.  Standard of Review

In the Motions, the Individual Defendants request dismissal pursuant to Fed. R. Civ.

P. 12(b)(1), 12(b)(2), and 12(b)(6).

## A.     Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the

Court has jurisdiction to properly hear the case before it.  Because "federal courts are

courts of limited jurisdiction," the Court must have a statutory basis to exercise its

jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1).

Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed.

*F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  In addition, "[t]he burden

of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms:  facial attack or

factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing

a facial attack on a complaint, the Court accepts the allegations of the complaint as true.

*Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not

presume the truthfulness of the complaint's factual allegations." *Id.* at 1003.  With a factual

attack, the moving party challenges the facts upon which subject matter jurisdiction

depends. *Id.*  The Court therefore must make its own findings of fact. *Id.*  In order to make

its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow

affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life*

*Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d

257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)).  The Court's reliance on

5

"evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

## B.     Federal Rule of Civil Procedure 12(b)(2)

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties.   After a motion to dismiss has been filed, the plaintiff bears the burden of establishing personal jurisdiction over the defendants. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).   The Court accepts the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true to determine whether the plaintiff has made a *prima facie* showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).   The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1189 (D. Colo. 2004).   Any factual disputes are resolved in the plaintiff's favor. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met.   First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).   Second, if sufficient minimum contacts are shown, "the Due Process Clause requires that [the Court] further consider whether the exercise of personal jurisdiction over [the] defendant would nonetheless offend traditional notions of fair play and substantial justice." *Impact Prods.*, 341 F. Supp. 2d at 1190.

6

## C.    Federal Rule of Civil Procedure 12(b)(6)

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  (citation omitted).  That said, "[s]pecific facts are not necessary[.  Instead,] the statement need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden."  *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility

7

that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

## D.    Plaintiff's Status as a *Pro Se* Attorney

Generally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Stanic Defendants allege that Plaintiff is an attorney who was admitted to practice in Colorado until he was suspended in 2005 for failure to pay fees and argue that, as a result, his pleadings should not be afforded a liberal reading by the Court. *Stanic Memo. of Law* [#36] at 2-3; *Stanic Reply* [#53] at 1. While the Stanic Defendants do not cite to any authority for this proposition, the Court has previously held that a plaintiff's "status as a licensed attorney reduces the deference to which he is entitled as a pro se litigant." *Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2012 WL 7051296, at *1 n.1 (citing *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)). Indeed, other courts have drawn a distinction between *pro se* attorneys and other *pro se* parties. *See, e.g., Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (finding district court did not abuse its discretion by denying special consideration to *pro se* practicing attorneys); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) ("*pro se* attorneys such as [plaintiff] typically cannot claim the special consideration which the courts customarily grant to *pro se* parties."); *Godlove v. Bamberger, Foreman, Oswald, and*

8

*Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration."); *Harbulak v. Suffolk Cnty*, 654 F.2d 194, 198 (2d Cir. 1981) (finding that *pro se* attorney was not entitled to special consideration because plaintiff was a "practicing lawyer who had the means and the knowledge, or at least the ability to obtain the knowledge, to recognize" whether his claims were reasonable).

Here, the Stanic Defendants ask the Court to take judicial notice of an Order issued by the SEC, which is available on the SEC's website, for the limited purpose of showing that Plaintiff is an attorney who was licensed to practice law in Colorado until 2005 when he was suspended for failure to pay fees. *Stanic Memo. of Law* [#36] at 3, *Ex. 1* [#36-1] (the "SEC Order"). The Court may take judicial notice of documents in the public record. *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008). Ordinarily, consideration of material attached to a motion to dismiss requires the Court to convert the motion into one for summary judgment. "However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). The Court, therefore, considers the SEC Order the Stanic Defendants attached to their Memorandum of Law. *See generally SEC Order* [#36-1]. The SEC Order states that Plaintiff submitted a "purported legal opinion letter" but that he "has been suspended from the practice of law in Colorado since at least August 2005 for failure to pay fees." *SEC Order* [#36-1] at 3. Plaintiff appears to indirectly agree that he is an attorney in his Response by acknowledging Defendants' allegation and recognizing that he is "an officer of the Court." *Resp.* [#43] at 5. Therefore, the Court will not treat Plaintiff's

9

pleadings with the deference generally afforded to *pro se* litigants.  See *Baldwin*, 2012 WL 7051296, at *1 n.1 (citing *Smith*, 258 F.3d at 1174).

### III.  Analysis

In the Motions, Defendants request dismissal pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6).

### A.     Jurisdiction

### 1.     Subject Matter Jurisdiction

The Individual Defendants challenge the Court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  *Stanic Memo. of Law* [#36] at 4-5; *Davies 12(b)(1) Motion* [#38] at 3-5.  Questions of the Court's subject matter jurisdiction "must be resolved before the court may address other issues presented in the motion."  *Herrara v. Alliant Specialty Ins. Servs., Inc.*, No. 11-cv-00050-REB-CBS, 2012 WL 959405, at *3 (D. Colo. Mar. 21, 2012). The Court therefore analyzes these arguments first.

A plaintiff who invokes the Court's subject matter jurisdiction "must allege in his pleadings the facts essential to show jurisdiction" and, if challenged, must support those allegations by a preponderance of the evidence.  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (quotation omitted); *see United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).  In the Second Amended Complaint, Plaintiff alleges that the Court has jurisdiction pursuant to: (1) "Article 1, Section 8, of the United States Constitution;" (2) "the Copyright Act of 1976" (citing to certain provisions); (3) the "Berne Convention of 1989;" and (4) states that "[a]ll the defendants, of Canadian Citizenship, have contractually agreed that the Courts of the United States shall have jurisdiction in [a]

legal dispute." *Second Am. Compl.* [#17] at 3.[5]

Article 1, Section 8, of the Unites States Constitution discusses the powers vested in Congress and does not relate in any way to this Court's jurisdiction in this matter. *See generally* U.S. Const. art. I. Similarly, the Berne Convention for the Protection of Literary and Artistic Works is an international treaty that has no bearing on the Court's subject matter jurisdiction. *Cf. Golan v. Holder*, --- U.S. ---, 132 S. Ct. 873, 878-81 (2012) (discussing the purpose of the Berne Convention and that it "contemplates dispute resolution before the International Court of Justice," but not specifically discussing subject matter jurisdiction). Further, because parties cannot stipulate to this Court's subject matter jurisdiction over a given dispute, Plaintiff's allegation relating to any contractual agreement between the parties may only relate to personal jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (holding "no action of the parties can confer subject-matter jurisdiction upon a federal court"); *Maier v. U.S. E.P.A.*, 114 F.3d 1032, 1036 (10th Cir. 1997). Finally, the Copyright Act, 17 U.S.C. § 101, *et seq.*, does not specifically confer subject matter jurisdiction, however, pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under . . . laws . . . of the United States." Therefore, while not specifically pled by Plaintiff, the Court has subject matter jurisdiction pursuant to Section 1331 because Plaintiff brings a claim pursuant to the Copyright Act.

## 2.    Personal Jurisdiction

The Individual Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(2),

---

[5] The Court notes that in his Response to the Stanic Motion [#42], Plaintiff also stated, "This Court has jurisdiction under the Federal Copyright Acts." *Resp.* [#42] at 1.

claiming that the Court does not have personal jurisdiction over each of the Individual Defendants.  A court may obtain personal jurisdiction over a defendant in three ways: "consent by the parties, presence in the forum state, and actions by the defendant which affect people in the forum state." *Qwest Comm'ns Int'l, Inc. v. Thomas,* 52 F.Supp.2d 1200, 1204 (D. Colo.1999).  As noted above, Plaintiff alleges that Defendants consented to personal jurisdiction. *Second Am. Compl.* [#17] at 3.  The Individual Defendants challenge this allegation and move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).  *Stanic Memo. of Law* [#36] at 6-7; *Davies 12(b)(2) Motion* [#50] at 3-10.  In the Motions, the Individual Defendants argue that four of them—Melanie Davies, Kamila Davies, Kaitlyn Nolan, and Kimberly Pratt—are not residents of Colorado and, therefore, the Court must first examine Colorado's long-arm statute to determine if these Defendants may be subject to personal jurisdiction. *Davies 12(b)(2) Motion* [#50] at 3-4; *Stanic Memo. of Law* [#36] at 7.[6]

"To obtain personal jurisdiction over a nonresident defendant . . ., a plaintiff must

---

[6]  Plaintiff alleges that each of the three resident Individual Defendants, Nicole Stanic, Romanee Stanic, and Elizabeth Artemis, are citizens of the United States and provides an address in Colorado. *Second Am. Compl.* [#17] at 2-3.  The three resident Individual Defendants do not contest that they are residents of Colorado.  Instead they claim that Plaintiff's allegations in the Second Amended Complaint are "conclusory allegations stating the defendants' names and where each are believed to be 'currently' located."  *Stanic Motion* [#36] at 7.  The Court disagrees. "Because [the Court is] reviewing the sufficiency of the complaint, [the Court] must accept all well-pleaded allegations in the complaint as true and construe the allegations in the light most favorable to [Plaintiff]." *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1487 n.9 (10th Cir. 1996).  Therefore, the Court will construe Plaintiff's uncontested allegations that the three nonresident Individual Defendants are "located" at various addresses in Colorado as allegations that they are residents of Colorado.  There is no question that this Court has personal jurisdiction over residents of Colorado.  *See, e.g., Ace Investors, LLC v. Rubin*, 494 F. App'x 856, at *2 (Aug. 20, 2012) (unpublished decision) ("A court may exercise personal jurisdiction over a party based on that party's citizenship or domicile in the state, the party's explicit consent, or when the party has sufficient contacts with the state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'") (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, --- U.S. ---, 131 S. Ct. 2780, 2787 (2011)).

show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004); *Shell v. Am. Family Rights Ass'n*, No. 09-cv-00309-MSK-KMT, 2010 WL 1348548, at *7 (D. Colo. March 31, 2010). "Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." *Id.*; *Shell*, 2010 WL 1348548, at *7 ("Colorado's long arm statute is coextensive with the constitutional limitations imposed by the due process clause; therefore, the inquiry collapses into a single inquiry: whether jurisdiction is consistent with the due process clause.").[7]

As discussed above, the Due Process Clause permits the exercise of personal jurisdiction when two conditions are met.  First, a nonresident defendant must have "minimum contacts" with the forum state.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  "The 'minimum contacts' standard may be met by showing either general or specific jurisdiction over the defendant."  *Shell*, 2010 WL 1348548, at *7.  Second, if sufficient minimum contacts are shown, "the Due Process Clause requires that [the Court] further consider whether the exercise of personal jurisdiction over [the] defendant would nonetheless offend traditional notions of fair play and substantial justice."  *Impact Prods.*,

---

[7]  In his Opposition Brief [#43] to the Stanic Motion, Plaintiff argues that this Court has personal jurisdiction over the Individual Defendants pursuant to Colorado's long-arm jurisdiction statute.  *Opp. Br. to Stanic Motion* [#43] at 4.  He asserts that he only needs to plead that: "(1) tortious conduct occur[ed] in Colorado, or (2) [that] tortious conduct initiated in another state cause[d] injury in Colorado."  *Opp. Br. to Stanic Motion* [#43].  Plaintiff's version of the law is incorrect.

341 F. Supp. 2d at 1190.  Further, after a motion to dismiss has been filed, the plaintiff bears the burden of establishing personal jurisdiction over the defendants.  *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).

As noted above, personal jurisdiction represents an individual right, and, like other rights, it can be waived through consent. *See Ins. Corp. of Ireland, Ltd.,* 456 U.S. at 703. "Parties to a contract may agree in advance to waive personal jurisdiction in a particular forum through a forum selection clause." *QFA Royalties, LLC v. Case*, No. CIVA05CV00685WYDCBS, 2006 WL 8944882, at *3 (D. Colo. March 31, 2006) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1963)).  Once a Court determines that the parties have consented to personal jurisdiction, there is no need to analyze the forum state's long arm statute or the party's contacts with the forum state. *See Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.,* 897 F.Supp. 521, 523 (D. Kan.1995). Therefore, the Court will turn to this analysis first.

Here, the Second Amended Complaint [#17] alleges: "[a]ll the defendants, *of Canadian Citizenship*, have contractually agreed that the Courts of the United States shall have jurisdiction in [sic] legal dispute." *Second Am. Compl.* [#17] at 3 (emphasis added). While Plaintiff initially named Canadian Defendants, all such Defendants have been dismissed from this action.  *See Order* [#80] at 2.  Therefore, the Second Amended Complaint fails to plead that the nonresident Individual Defendants,[8] who live in the United States but outside of the forum state, have consented to personal jurisdiction in this Court. However, in his Brief in Opposition to the Stanic Motion [#43], Plaintiff alleges that:

---

[8]  Melanie Davies, Kamila Davies, Kaitlyn Nolan, and Kimberly Pratt.

14

> [a]ll the defendants signed not only Acting Services Agreement [sic] with a Colorado Corporation *that stated they agreed to Colorado Jurisdiction in case of any legal dispute*, they also signed Nondisclosure Agreements which expressly stated that the Court [sic] of the United States generally and those of Colorado in particular would have jurisdiction. "All the defendants, of Canadian Citizenship, have contractually agreed that the Courts of the United States shall have jurisdiction in [sic] legal dispute."[9]

*Opp. Br. to Stanic Motion* [#43] at 4-5 (emphasis added).  Plaintiff then cites to both the non-operative original Complaint [#1], the non-operative first Amended Complaint [##7, 8], and what he calls "Plaintiff's Exhibit 6," which does not appear anywhere on the docket. Plaintiff does not provide the Court with any documents in support of this allegation.  Other than the above statement in Plaintiff's Brief in Opposition to the Stanic Motion [#43], Plaintiff provides nothing to support his new assertion that American non-resident Defendants have consented to jurisdiction.

The Court is mindful that "[w]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists."  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citing *McNutt v. Gen. Motors*, 298 U.S. 178, 189 (1984)).  Further, the Tenth Circuit has made clear that "[w]here a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the *plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion*." *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057-56 (10th Cir. 2008) (citations omitted) (emphasis added).  "The plaintiff may make this prima facie showing by

---

[9] Although far from clear, the last sentence appears to be a quotation from the alleged nondisclosure agreement which Plaintiff asserts demonstrates that the Individual Defendants consented to jurisdiction.  However, if this is the only language relating to jurisdiction contained in the nondisclosure agreement, Plaintiff's reliance is misplaced, because the language is limited to Canadians and none of the Individual Defendants are alleged to be residents or citizens of Canada.

15

demonstrating, via affidavit *or other written materials*, facts that if true would support jurisdiction over the defendant." *Id.* at 1057 (emphasis added).  Further, "[w]hen evaluating the prima facie case, the court is bound to resolve all factual disputes in favor of the plaintiff in determining whether he has made the requisite showing." *Id.*  As a result, even though Plaintiff has not provided any evidence to substantiate his allegation regarding Defendants' alleged written consent to jurisdiction, and even though Defendants contest personal jurisdiction (but have offered no evidence to contradict Plaintiff's allegation),[10] the Court resolves this factual dispute in favor of Plaintiff and finds that Plaintiff has made a prima facie showing that the Court has personal jurisdiction over the nonresident Individual Defendants.[11]  Because the Court has determined that Plaintiff has made a prima facie showing of jurisdiction over the nonresident Individual Defendants based on consent, there is no need to engage in an analysis of other potential bases for jurisdiction. *See Elec. Realty Assocs., L.P.,* 897 F.Supp. at 523.

In sum, the Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings a claim pursuant to the Copyright Act.  The Court further

---

[10]   Since the only "written material" in support of Plaintiff's allegation that Defendants consented to personal jurisdiction "is a one-sentence assertion" in Plaintiff's Brief in Opposition to the Stanic Motion [#43], the Court has concerns about giving it more credence than is appropriate. *Tripoli Mgmt, LLC,* 2010 WL 845927 at *5.  In *Tripoli,* Judge Arguello found that a one-sentence allegation in plaintiff's complaint was conclusory and did not consider it to be a "well-pled fact" for purposes of determining whether the Court has personal jurisdiction over the defendants.  *Id.* However, Defendants did not present any evidence to contradict Plaintiff's allegation regarding consent.  In *Tripoli,* in contrast, the defendants presented conflicting evidence which the Court found sufficient to rebut plaintiff's assertion.  *Id.*  As a result, because Defendants offer no evidence to rebut Plaintiff's allegation, the Court will not disregard Plaintiff's allegation.

[11]   Melanie Davies, Kamila Davies, Kaitlyn Nolan, and Kimberly Pratt.

finds that it has personal jurisdiction over the resident Individual Defendants[12] due to their presence in the state and that Plaintiff has made a prima facie showing of personal jurisdiction over the nonresident Individual Defendants[13] based on their consent.

## B.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *See generally Stanic Memo. of Law* [#36] at 7-14; *Davies 12(b)(6) Motion* [#39]. The Second Amended Complaint only purports to allege one cause of action for "conspiracy to steal and infringe on the copyright [sic] property of" Plaintiff.  *Second Am. Compl.* [#17] at 5.  However, as part of his "request for relief," Plaintiff claims Defendants are "liable for [ ] ongoing copyright infringement, breach of contract and interference with [a] contract."  *Id.* at 6.

As noted above, to survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero*, 510 F.3d at 1200 (citing *Twombly*, 550 U.S. at 570).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (internal quotations and citations omitted).  In addition, "a complaint [ ] must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson v.*

---

[12]  Nicole Stanic, Romanee Stanic, and Elizabeth Artemis.

[13]  Melanie Davies, Kamila Davies, Kaitlyn Nolan, and Kimberly Pratt.

*Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).  "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).

### 1.    Registration Requirement

As an initial matter, the Copyright Act requires that authors register their works before filing suit for copyright infringement.  *Reed Elsevier, Inc. v. Mucknick,* 559 U.S. 154, 157 (2010) (citing 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title")); *TI Training Corp. v. FAAC, Inc.*, No. 09-cv-00973-WYD-MEH, 2010 WL 2490535, at *3 (June 15, 2010) (holding that 17 U.S.C. § 411(a) "does impose a mandatory precondition to suit" which is "supported by the plain language of the statute").  Historically, the Tenth Circuit held that failure to comply with Section 411(a)'s registration requirement was a jurisdictional bar to bringing suit in federal court.  *See Lewis v. Rio Grande Sun*, 345 F. App'x 357, 358 (10th Cir. Sept. 10, 2009) (unpublished decision) ("Federal courts have jurisdiction over copyright infringement matters only if the putative plaintiff has registered the copyright in accordance with the Copyright Act.") (citations omitted).  However, in *Reed Elsevier*, the Supreme Court addressed this issue and held that "Section 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction.").  559 U.S. at 157.  In that case the Supreme Court, however, explicitly declined to address "whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . [the Court] may or should enforce *sua sponte* by dismissing

18

copyright infringement claims involving unregistered works." *Id.* at 171.   Therefore, the Tenth Circuit's precedent on this issue is binding on this Court.

"To prove that the copyright registration element is satisfied, the Tenth Circuit has held that a plaintiff can only bring a suit for copyright infringement after 'a copyright is registered, and such registration occurs when the Copyright Office approves the application.'" *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, No. 11-cv-01687-PAB-CBS, 2013 WL 1229534, at *2 (D. Colo. March 26, 2013) (quoting *La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1203-04 (10th Cir. 2005), *abrogated on other grounds by Reed Elsevier,* 559 U.S. at 169).[14]   In *La Resolana*, the Tenth Circuit explicitly rejected the proposition that a work is registered within the meaning of Section 411(a) "upon mere submission of a copyright application" and found that the statute requires "actual registration by the Register of Copyrights."   416 F.3d at 1205.   The Tenth Circuit stated that until "actual registration occurs . . . an infringement action will not lie in federal courts."   *Id.*

Here, the Second Amended Complaint is silent as to the application or registration of Plaintiff's alleged copyright of the screenplays.   It was not until more than a year after Plaintiff filed his original Complaint that Plaintiff alleged, in his Response to the Davies Motions [#79], that "Plaintiff's copyright ownership is registered with the United States Copyright Office . . . with an effective date of September 30, 2012."   *Resp.* [#79] at 3. However, Plaintiff has failed to produce any evidence of such registration.   Moreover, a search of the Copyright Office's online copyright search utility did not yield any results for

---

[14]   This is known as the "Registration Approach."   *La Resolana*, 416 F.3d at 1202.   In contrast, the Fifth Circuit applies the "Application Approach" which only requires that an application for a copyright certificate be filed and the related fee be paid to satisfy Section 411(a)'s registration requirement.   *Id.* at 1203-5 (explaining the Fifth's Circuit's approach).

the alleged registration number provided by Plaintiff.  Nevertheless, the Court will assume, based on Plaintiff's allegation, that the effective date is the date Plaintiff applied for the copyright, because "[o]nce a certificate of registration has been issued, the registration dates back to the date of application." *K-Beech, Inc. v. Doe*, No. 11-cv-02371-CMA-CBS, 2012 WL 592868, at *2 (D. Colo. Feb. 23, 2012).

Here, this means that Plaintiff likely applied for the copyright on September 30, 2012—more than four months after initiating the lawsuit.[15]  Plaintiff's Second Amended Complaint failed to allege registration of the copyright, Plaintiff has failed to provide any

---

[15]  The Tenth Circuit has held that "suits for infringement can be brought when a copyright is registered, and such registration occurs when the Copyright Office approves the application." *La Resolana*, 416 F.3d at 1203.  This holding necessarily implies registration of a copyright *before* commencement of litigation.  However, the Court has also made exceptions to this rule.  In *K-Beech*, the Court was faced with a copyright for which the registration application pre-dated the lawsuit, but which was approved by the Copyright Office during the litigation.  In an apparent exception to the Tenth Circuit's general rule regarding registration, the Court found that this satisfied Section 411(a)'s registration requirement.  *K-Beech, Inc.*, 2012 WL 592868, at *2.  Unlike the plaintiff in *K-Beech*, here, based on the effective date of the copyright alleged by Plaintiff, it appears that Plaintiff did not submit his application until *after* the lawsuit was initiated.  Therefore, the Court's reasoning in *K-Beech* is inapplicable to the instant action.  Another exception to the Tenth Circuit's general rule regarding registration can be found in *Viesti*.  In that case, the Court ordered the plaintiff to file an amended complaint that included "only those [works] that received a valid certificate of registration as of . . . the date of the First Amended Complaint," but did not address the date of the submission of the copyright applications for those works.  2013 WL 1229534, at *4.  Therefore, it appears that in *Viesti* the operative date was not the date the lawsuit was initiated, but the date the operative complaint was filed.  Construing Plaintiff's allegations in a light most favorable to him, the exception applied in *Viesti* does not apply in the instant action.  Here, Plaintiff's copyright application allegedly resulted in the issuance of a certificate of registration with an effective date of September 30, 2012.  However, the operative complaint, the Second Amended Complaint [#17], was filed on July 30, 2012—two months prior to the alleged effective date of the copyright.  The Tenth Circuit has not addressed the question of whether a plaintiff who files an application for a copyright *after* the allegedly infringing activity and *after* initiating a lawsuit alleging copyright infringement but who obtains the copyright during the course of the litigation has met the registration precondition of Section 411(a).  However, given the general rule that "suits for infringement can be brought when a copyright is registered, and such registration occurs when the Copyright Office approves the application," the Court does not believe Plaintiff meets Section 411(a)'s registration requirement.  Further, this situation does not fall within either of the exceptions addressed in *Viesti* or *K-Beech*.  However, the Court need not decide whether in this situation Plaintiff meets the Tenth Circuit's requirement of "actual registration" because, as discussed below, Plaintiff fails to plead a copyright infringement claim.

evidence of such registration, and Plaintiff has failed to identify the works to which copyright number Pau 3-640-758 allegedly relates.  Based on the clear language of *La Resolana*, the Court is disinclined to find that Plaintiff has met the precondition to bringing suit for copyright infringement.  *See* 416 F.3d at 1203 ("suits for infringement can be brought when a copyright is registered, and such registration occurs when the Copyright Office approves the application."); *see also Viesti Assocs., Inc.*, 2013 WL 1229534, at *2, *4 (dismissing claims relating to works for which applications for copyright certificates were pending, but allowing plaintiff to file an amended complaint including all works "that received a valid certificate of registration as of . . . the date of the First Amended Complaint [ ].").  While the Court does not believe that a plaintiff who brings a lawsuit alleging copyright infringement prior to registering the copyright, but who obtains the copyright during the pendency of the litigation, has met the registration precondition of Section 411(a), the Tenth Circuit has not addressed this factual situation.[16]  Therefore, in order to provide a complete analysis, the Court analyzes whether Plaintiff has stated a claim for copyright infringement pursuant to Fed. R. Civ. P. 12(b)(6).

---

[16]  To date, there are five Tenth Circuit decisions that mention Section 411(a), two of which are discussed herein.  *See La Resolana*, 416 F.3d 195; *Lewis*, 345 F. App'x 357.  One case mentions Section 411(a) and concludes that the plaintiff registered her works in 1987 (25 years prior to initiation of the lawsuit).  *See Enterprise Mgmt Ltd. v. Warrick*, --- F.3d ---, 2013 WL 2167657 (10th Cir. May 21, 2013).  The fourth decision refers to Section 411(a) when comparing statutory language but does not address the registration requitement.  *See Hobby Lobby Stores, Inc. v. Sebelius*, --- F.3d ---, 2013 WL 3216103 (10th Cir. June 27, 2013) ("the AIA's language is nearly identical to the language of the copyright statute . . .").  Finally, the fifth decision analyzes Fed. R. Bankr. P. 8002's time limitation for filing appeals.  *See In re Latture*, 605 F.3d 830, 835-36 (10th Cir. 2010).  In that case, the Tenth Circuit discusses the Supreme Court's analysis of Section 411(a) in *Reed Elsevier* when determining if the time limit for filing an appeal acts as a jurisdictional bar.  *Id.* at 835-36.  In addition, there is a dissenting decision that mentions Section 411(a) when analyzing Section 404(a).  *See TransWestern Publ'g Co. LP v. Multimedia Mktg. Assocs.*, 133 F.3d 773, 782 (10th Cir. 1998).

**2.       Copyright Infringement**

"To demonstrate copyright infringement, a plaintiff must demonstrate two elements: (i) ownership of a valid copyright; and (ii) unlawful appropriation of protected portions of the copyrighted work." *Shell*, 899 F.Supp.2d at 1056 (quoting *La Resolana*, 555 F.3d at 1177). To satisfy the second element, "a plaintiff must show both that the defendant actually copied the copyrighted work and that the elements of the work that were copied were 'protected expression and of such importance to the copied work that the appropriation is actionable.'" *Id.* (quoting *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 832 (10th Cir.1993)).

Here, even if Plaintiff's allegation in his Response to the Davies Motions [#79] is sufficient to meet the first element, nothing in the Second Amended Complaint or any other pleading filed by Plaintiff satisfies the second element.  Other than general conclusory allegations that Defendants infringed on Plaintiff's copyright, Plaintiff alleges no specific facts relating to copyright infringement.  Plaintiff provides no detail or specific instances of items (such as lines from the screenplays, plot lines, or character descriptions) that Defendants allegedly infringed.  Further, because Plaintiff never identifies or explains the work that his copyright registration relates to, he can not satisfy the elements required to demonstrate copyright infringement.  Accordingly, the Court finds that Plaintiff fails to state a claim of copyright infringement.  As a result, the Court respectfully **recommends** that this claim be **dismissed**.

**3.       State Law Claims**

The Court notes that Plaintiff's remaining claims—conspiracy, breach of contract,

and tortious interference with a contract—all sound in state law.  These are claims which "[f]ederal law neither created . . . nor is federal law a necessary element of [them]."  *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 714 (10th Cir. Dec. 4, 2012) (unpublished decision) (citation and quotation omitted).  As a result, in order to consider the remaining claims, the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The exercise of supplemental jurisdiction "is within a district court's discretion."  *Wittner v. Banner Health*, --- F.3d ---, 2013 WL 3156631, at *11 (10th Cir. June 24, 2013).  Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir.1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").  Here, subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.   *See* Section III.A.1, *supra*.  There is no alternative diversity jurisdiction because Plaintiff and several of the Individual Defendants[17] are citizens of the State of Colorado.  Thus, having recommended dismissal of Plaintiff's federal claim, the Court further **recommends** that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and that they be **dismissed**.

---

[17]  Nicole Stanic, Romanee Stanic, and Elizabeth Artemis.

C.     **Claims Against Remaining Defendants**

Plaintiff has not served Defendant Red Lion Hotel Denver Southeast or Defendant Kickstarter.com (the "Unserved Defendants").  On July 2, 2013, the Court ordered the United States Marshals Service to attempt to serve the Unserved Defendants [#82].  On July 3, 2013, the Clerk of the Court filed a Certificate of Service [#83] showing that Summonses for the Unserved Defendants were sent to the United States Marshals Service for service on the Unserved Defendants.

"Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *McKinney v. Oklahoma, Dept. of Human Servs., Shawnee, OK,* 925 F.2d 363, 365 (10th Cir.1991) (citing *Neitzke v. Williams,* 490 U.S. 319 (1989)).  However, the Tenth Circuit has held "that a trial court may dismiss a claim *sua sponte* without notice 'where the claimant cannot possibly win relief.'" *Id.* (quoting *Baker v. Dir., United States Parole Comm 'n,* 916 F.2d 725 (D.C. Cir. 1990)).  In that case, the Tenth Circuit found that dismissal for failure to state a claim *sua sponte* "is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *McKinney,* 925 F.3d at 365; *see also Curley v. Perry,* 246 F.3d 1278, 1281–82 (10th Cir. 2001) (a *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" (quoting *Hall,* 935 F.2d at 1110) (additional quotation marks omitted)).  Here, Plaintiff has had ample opportunity to amend his Complaint.  The operative complaint, the Second Amended Complaint, fails to

allege any claims against the Unserved Defendants and Plaintiff's pleadings contain nothing to hint that it would be possible for him to allege a claim against the Unserved Defendants.

In addition, Plaintiff is proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court "shall dismiss the case at any time" if the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court applies the same standard of review for dismissals pursuant to Section 1915 that it employs pursuant to Fed. R. Civ. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff fails to state any claim against the Unserved Defendants, Section 1915 provides an independent basis upon which the Court may dismiss Plaintiff's claims against the Unserved Defendants.

Therefore, the Court **recommends** that Plaintiff's claims against Defendant Red Lion Hotel Denver Southeast and Defendant Kickstarter.com be **dismissed**. *See Carrillo v. Wieland*, --- F. App'x ---, 2013 WL 2479571, at *3 (10th Cir. June 11, 2013) (unpublished decision) (affirming district court's *sua sponte* dismissal of plaintiff's claims with prejudice pursuant to 12(b)(6)); *Watkins v. Rogers*, No. 13-6040, 2013 WL 2130340, at *2 (10th Cir. May 17, 2013) (affirming district court's *sua sponte* dismissal of complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

## IV.  Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motions [##35, 38, 39, 50] be **GRANTED** and that Plaintiff's copyright infringement

claim against the Individual Defendants be **DISMISSED with prejudice**.[18]

The Court FURTHER **RECOMMENDS** that Plaintiff's copyright infringement claim against Defendant Red Lion Hotel Denver Southeast and Defendant Kickstarter.com[19] be **DISMISSED with prejudice**.[20]

The Court FURTHER **RECOMMENDS** that Plaintiff's state law claims be **DISMISSED without prejudice**.

Defendants Melanie Davies and Kamila Davies filed an Answer [#52] purporting to assert one counterclaim against Plaintiff which is titled: "Declaration of Non-Infringement of Copyright." *Ans.* [#52] at 8. The Court FURTHER **RECOMMENDS** that the counterclaim

---

[18] The dismissal of an action "pursuant to Rule 12(b)(6), is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992). Here, Plaintiff who admits that he is an attorney, has amended his original Complaint [#1] twice. *See Am. Compl* [##7, 8]; *Second Am. Compl.* [#17]. In addition, the Court twice instructed Plaintiff to amend [##6, 16] and provided Plaintiff with guidance regarding amendment. *See Order Directing Plaintiff to File an Amended Complaint* [#16]. When a plaintiff is given several attempts to amend and those amendments "fail to cure the deficiencies in his claims," dismissal with prejudice is appropriate. *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (finding that dismissal with prejudice was appropriate because even after amendment plaintiff "made no showing, beyond his conclusory allegations, that he could have stated viable causes of action against [defendants] if he had been granted yet another opportunity to amend his claims."); *see also Stinson ex rel. United States v. Maynard*, 341 F. App'x 413, 417 (10th Cir. Aug. 12, 2009) (unpublished table decision) (affirming dismissal with prejudice when plaintiff had opportunity to amend and had notice that her amended complaint was deficient); *accord Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *see also Tepper v. Van Dam*, 974 F.2d 1345, at *3-4 (10th Cir. 1992) (unpublished table decision) (relying on *Brierley v. Schoenfled*, 781 F.2d 838 (10th Cir. 1986), *Okusami*, and *Cortec* to affirm dismissal of an action with prejudice).

[19] *See Second Am. Compl.* [#17] at 6 (asking the Court to "find the defendants liable for the ongoing copyright infringement . . .").

[20] *See Carrillo*, --- F. App'x ---, 2013 WL 2479571, at *3 (affirming district court's *sua sponte* dismissal of plaintiff's claims with prejudice pursuant to 12(b)(6) in case in which "it was 'patently obvious' that the plaintiff could not prevail on the facts as alleged, and allowing him an opportunity to amend his complaint would be futile." (quoting *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

asserted by Defendants Melanie Davies and Kamila Davies be **DISMISSED as moot**.[21]

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 12, 2013                         BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[21]   In their Answer, Defendant Melanie Davies and Kamila Davies seek "attorneys' fees, sanctions, costs, and other such awards that are available according to federal statute."  Similarly, in the Stanic Motion [#35], the Stanic Defendants request "reasonable attorney's fees and costs." *Stanic Motion* [#35] at 2.  The Court does not address these requests herein.